### GLADYS M. NENNO v. W. T. DECOSTER.[1]

January 23, 1925.

No. 24, 399.

**Verdict on conflicting evidence, presenting question of veracity, sustained.**
    A verdict upon conflicting evidence, presenting only a question of veracity, will not be interfered with where the testimony in support of the verdict is not so inherently improbable or self contradictory as to be unworthy of belief.

Action in the district court for Blue Earth county to recover $25,000 for breach of promise. The case was tried before Comstock, J., and a jury which returned a verdict for $9,000. From the judgment, defendant appealed. Affirmed.

    *T. V. Sullivan, F. E. McAllister* and *C. O. Dailey* for appellant.
    *Somsen, Dempsey & Flor*, for respondent.

STONE, J.
Action for damages for breach of promise of marriage. Plaintiff had a verdict for $9,000. Defendant appeals from the order denying his motion for a new trial.

A discussion of the evidence would serve no useful purpose and will not be attempted. The trial presented, in the main, only an

[1]Reported in 201 N. W. 937.

issue of veracity. The jury believed plaintiff. Her story is, in some respects, a queer one. The engagement is supposed to have continued for about three years, and yet there is not in the record anything in the way of the traditional love letter or similar written communication, from either party to the other, couched in terms of endearment. There is merit in the argument of counsel for defendant predicated on the prominent absence of many of the "Indicia of courtship." However, the weakness of plaintiff's story in that respect is not so marked as to enable us to say that her testimony is inherently so improbable or self contradictory that the verdict based upon it should be set aside. Plaintiff was not altogether without corroboration, and, in some respects, the testimony of defendant, even though it stood alone and unopposed by that of plaintiff, would be open to questioning comment.

Considering the financial resources of defendant, the verdict is large, but the circumstances are such as to prevent its reduction or a new trial upon the ground of excessive damages. The defendant is still under 50 years of age and the zenith of his career as a surgeon is still to be reached. He has been established in his present location for about 7 years and has accumulated about $15,000 in property. His net annual income is not less than $5,000.

The jury having accepted plaintiff's version of her relations with defendant, the way was open to heavy punitive damages because her story is one of deliberate seduction under promise of marriage and cruel abandonment after the perpetrator had satisfied his desires for the time being—tired of the "amusement." According to plaintiff, he finally so characterized his relation with her. That sort of "amusement" is properly penalized at a high figure by juries who have the disagreeable task of assessing damages.

Order affirmed.

The Chief Justice, having been of counsel, took no part.